IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. TDC-24-0026 |
| | * | |
| **RICHARD C. WRIGHT,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

******

## REPORT AND RECOMMENDATIONS

This "Report and Recommendations" addresses the "United States' Motion for Default Judgment" ("Motion"), (ECF No. 11), filed by the United States of America ("Plaintiff" or "United States") against Richard C. Wright ("the Defendant" or "Mr. Wright"). Plaintiff moves for entry of default judgment in its favor against the Defendant in the amount of $478,863.51 for federal income tax assessments, plus interest and penalties. The relevant tax years are: 2011 through 2022.

Pursuant to 28 U.S.C. § 636 and Local Rule 301 (D. Md. 2023), the Honorable Theodore D. Chuang referred this matter to me to author a report and to make recommendations. (ECF No. 12). I do not believe that a hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). As set forth more fully below, I ultimately recommend that the Motion, (ECF No. 11), be **GRANTED**, and that judgment be entered in favor of the Plaintiff against the Defendant.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On January 4, 2024, Plaintiff filed a Complaint against Defendant seeking to reduce the unpaid tax assessments to judgment. (ECF No. 1, "Complaint"). Plaintiff alleges that Mr. Wright failed to pay the United States the full amount of the tax assessments for the tax years of 2011

through 2022. (Complaint, p. 2). Thus, as of October 23, 2023, Mr. Wright allegedly owes $478,863.51 to the United States for federal income taxes, plus interest and penalties that have accrued and will continue to accrue until paid. (*Id.*, p.3). On January 5, 2024, the Clerk of the Court issued a summons as to the Defendant. (ECF No. 2).

On April 10, 2024, Judge Chuang issued an Order directing the Plaintiff to show good cause for its failure to timely serve the Defendant with summons and Complaint, within 14 days of the date of the Order. (ECF No. 4). On April 10, 2024, the executed summons was returned and filed with proof of service completed by a process server, which described the date and time that Defendant was served with the summons and Complaint, to wit, on February 21, 2024. (ECF No. 5). Pursuant to Rule 12(a)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Defendant had 21 days to file a responsive pleading, yet he failed to do so by March 13, 2024, or to date.

On April 24, 2024, pursuant to Fed. R. Civ. P. 55(a), Plaintiff filed a "Request for [Clerk's] Entry of Default," to which it appended a declaration of counsel. (ECF Nos. 6, 6-1). In that declaration, counsel represented that the Defendant is not a member of any branch of the U.S. military, and is neither a minor nor is he incompetent according to the Internal Revenue Service's ("IRS") records. (*See* ECF Nos. 6-1, 6-2). On April 30, 2024, the Clerk of the Court entered an Order of Default against the Defendant and issued a Notice of Default to the Defendant. (ECF Nos. 8, 9).

On June 20, 2024, Judge Chuang issued an Order directing the Plaintiff to file and serve on the Defendant a Motion for Default Judgment or show cause as to why such motion would be inappropriate, within 14 days of the date of the Order. (ECF No. 10). On July 5, 2024, Plaintiff timely filed its Motion for Default Judgment as to the Defendant. (ECF No. 11, "the Motion"). In

support of the Motion, Plaintiff attached: (1) a memorandum of law, (ECF No. 11-1); and (2) the declaration of Kelly M. Fiorina, a Revenue Officer Advisor with the IRS in Washington, D.C., (ECF No. 11-2, "Fiorina Declaration"). The Fiorina Declaration contains a chart that depicts the federal income taxes owed by the Defendant, including the interest related thereto, for the relevant tax years. (Fiorina Declaration, ¶ 5).

## II.   DISCUSSION

### A.   Default Judgment

Fed. R. Civ. P. 55 governs default judgments. Upon motion of a party, Rule 55(a) provides that a default judgment can be entered when a defendant fails to "plead or otherwise defend in accordance with [Rule 55]." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

When evaluating a motion for default judgment, a district court accepts as true the well-pleaded factual allegations in a complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6). If a party's factual allegations are unchallenged because of a defendant's unresponsiveness, a district court has the discretion to grant default judgment. *See* Fed. R. Civ. P. 55(a)–(b); *see also Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment is appropriate when defendant is "unresponsive for more than a year" after denial of motion to dismiss, even though defendant was properly served with plaintiff's motions for entry of default and default judgment); *Park Corp v. Lexington Ins. Co.*, 82 F.2d 894, 896 (4th Cir. 1987) (affirming default judgment when defendant lost summons and did not respond within the proper timeframe).

Nearly ten months have passed since the Defendant was duly served with the Complaint. The Defendant has neither filed an Answer or otherwise defended against the Complaint. Plaintiff's counsel filed a declaration in which she stated that the Defendant is not an active member of the U.S. military, an infant, or incompetent. (*See* ECF Nos. 6-1, 6-2). Therefore, I find that the Defendant has been available to respond or defend against this case, yet has failed to do so.

In addition, more than five months have passed since the Defendant was served by mail with a copy of the instant Motion. (*See* ECF No. 11). To date, the Defendant has not filed an opposition nor otherwise defended against this case. As previously found, the Defendant has been available to respond or defend against this case, yet has failed to do so. Accordingly, I recommend that the Court enter default judgment in favor of the Plaintiff against the Defendant.

**B. Damages**

Although liability has been established, any allegation concerning the amount of damages is not deemed to be admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6). "With respect to a default judgment, '[c]laims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civ. No. ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011). If the record supports the damages requested, however, then the court may award damages without a hearing. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, Civ. No. NKM-09-0004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009)(concluding no evidentiary hearing on damages needed based on moving party's affidavit and printout submissions establishing amount of damages sought)(citing *DirecTV, Inc. v. Yancey*, Civ. No. 40-0011, 2005 WL 3435030, at *2

(W.D. Va. Dec. 12, 2005)(concluding that where sufficient evidence exists to support damages, "[a] hearing in open court is not required.")). The type and amount of damages that may be entered as a result of a party's default are limited to the amount that is demanded in a party's pleadings. Fed. R. Civ. P. 54(c).

Here, Plaintiff seeks to reduce the Defendant's liability for unpaid federal income tax assessments, including interest and penalties, to judgment in the amount of $478,863.51. (Complaint, pp. 2, 3). As a preliminary matter, I find that an assessment "amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes [and] . . . is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Next, I find that the Plaintiff is entitled to interest and penalties on unpaid taxes pursuant to 26 U.S.C. §§ 6601, 6621(a)(2) and 28 U.S.C. § 1961(c). *See United States v. Belzner*, Civ. No. WDQ-13-2414, 2014 WL 1344187, at *2 (D. Md. April 3, 2014)(finding that the Federal Government may recover interest on unpaid taxes and that " […] the amount of interest accrued on such tax liability is a matter of law.")(citing *United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007)). Third, I find that the Plaintiff's damages request is supported by the evidence, namely the Fiorina Declaration. (ECF No. 11-2). The Fiorina Declaration asserts that the Defendant has "failed to fully pay income taxes for tax years 2011 through 2022," and contains a chart that describes the relevant tax years, reflects the tax assessments calculated, and the outstanding balance owed by the Defendant to the Plaintiff as of October 23, 2023. (*Id*. at ¶¶ 4-8). I find that these amounts are consistent with what is permitted by statute.

In sum, because Defendant has failed to respond to the Complaint, and because Plaintiff's support for the damages it seeks has not been challenged, I recommend that the Court grant

Plaintiff's request for damages, as well as for interest and penalties; and award Plaintiff damages in the amount of **$478,863.51**, plus any further accrued interest pursuant to Fed. R. Civ. P. 54(c).

### III. CONCLUSION

In sum, I respectfully recommend that the Court **GRANT** the Plaintiff's Motion for Default Judgment, (ECF No. 11), and enter judgment in favor of the Plaintiff against the Defendant for:

1) unpaid federal income tax assessments, penalties and interest relevant to the tax years 2011 through 2022 in the amount of $478,683.51, and

2) interest and penalties accruing after October 23, 2023, until paid, according to 26 U.S.C. § 6621(a) and 28 U.S.C. § 1961(c).

Dated: December 20, 2024                    /s/
                                             The Honorable Gina L. Simms
                                             United States Magistrate Judge